UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE:
WINDHAM MILLS DEVELOPMENT
CORPORATION

Chapter 11

Debtor

Case No. 04-23619

---

REID AND RIEGE, P.C.　　　　　　　）
　　　　　　　　　　　　　　　　）　　Adversary Proceeding
　　　　　　　Plaintiff　　　　　　）
　　　v.　　　　　　　　　　　　　）　　No. 07-2008
　　　　　　　　　　　　　　　　）
HFAH ASYLUM, LLC　　　　　　　）
　　　　　　　　　　　　　　　　）
　　　　　　　Defendant　　　　　）

---

**APPEARANCES:**

Mark H. Dean, Esq.
　　241 Main Street, Hartford, CT 06106
　　Counsel for Plaintiff

James L. Young, Jr., Esq. and Raymond R. Pring, Jr., Esq.
　　Andrews Young & Geraghty PC
　　216 Broad Street, P.O. Box 751, New London, CT 06320
　　Counsel for Defendant HFAH Asylum, LLC

---

## RULING DENYING DEFENDANT'S MOTION

KRECHEVSKY, U.S.B.J.

I.

The matter before the court is the motion of defendant HFAH Asylum, LLC ("HFAH") entitled "Motion of HFAH Asylum, LLC to Dismiss or in the Alternative for Summary Judgment" ("the motion"). Reid and Riege, P.C. ("the plaintiff"), on December 5, 2007, filed an objection ("the objection") to the motion to which HFAH

has not responded.

## II.

## BACKGROUND

Windham Mills Development Corporation ("the debtor"), on December 15, 2004, filed a Chapter 11 bankruptcy petition. The court, on October 18, 2005, entered an order confirming the "First Amended Plan of Reorganization Submitted by HFAH Asylum, LLC and Windham Mills Development Corporation" ("the plan"), which, in §11.3, provided that if HFAH failed to obtain a $4,000,000 loan commitment within 30 days, then (subject to certain conditions not relevant to the present proceeding) the plan would be deemed null and void. HFAH failed to obtain the required commitment and the court, on June 25, 2007, entered an "Order Declaring Plan Null and Void and Directing the Appointment of a Chapter 11 Trustee" ("the revocation order").

The plaintiff had, on March 6, 2007, filed a complaint against the debtor and HFAH to recover payment, as provided for under the plan, for legal services rendered to the estate. HFAH, on April 5, 2007, filed an answer to the complaint, asserting, as an affirmative defense, that the complaint failed to state a claim for which relief could be granted. Following the revocation order, HFAH, on October 30, 2007, filed the motion, seeking either dismissal of the complaint, pursuant to Fed. R. Civ. P. 12(b), or entry of summary judgment in its favor, pursuant to Fed. R. Civ. P. 56, on grounds that (1) the complaint fails to state a claim for which relief may be granted; (2) that the relief requested would interfere with the priority of creditors' claims against the estate; and (3) that the plaintiff is barred from bringing such an action against the debtor it continues to represent. The plaintiff, on November 20, 2007, voluntarily dismissed the

2

complaint as to the debtor, pursuant to Fed. R. Civ. P. 41(a)(1), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7041. The plaintiff, in its objection, asserts that, as a consequence of such dismissal, the latter two grounds for the motion are moot. The court agrees. The relief requested would not affect the debtor's estate and the plaintiff is no longer pursuing the action against the debtor.

The objection further contends that the motion is untimely; that HFAH's statement of undisputed facts does not comport with the requirements of D.Conn. L.Civ.R. 56(a)1; that, despite revocation of the plan, HFAH's liability for the debtor's legal fees remains enforceable under equitable principles; and that there are genuine issues of material fact, particularly concerning the plaintiff's reliance on the plan and whether HFAH used its best efforts to obtain the financing required under the plan.

### III.

### DISCUSSION

#### A.

In considering a motion to dismiss, under Fed.R.Civ.P. 12(b)(6), for failure to state a claim, the court "must construe any well-pleaded factual allegations in the complaint in favor of the plaintiff." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). "In assessing the sufficiency of the complaint, we must accept the allegations contained therein as true and draw all reasonable inferences therefrom in favor of the plaintiff." Gryl v. Shire Pharmaceuticals Group PLC, 298 F.3d 136, 140 (2d Cir. 2002). "To survive a motion to dismiss, however, the complaint must allege facts which, assumed to be true, confer a judicially cognizable right of action. Thus, '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer

evidence to support the claims.'" York v. Ass'n of the Bar, 286 F.3d 122 (2d Cir. 2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir.2000).

Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). It is the movant's burden to show that no genuine factual dispute exists. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In reviewing a summary judgment motion, the court must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor. See Giannullo v. City of N.Y., 322 F.3d 139, 140 (2d Cir.2003).

### B.

In accordance with the terms of the confirmed plan, HFAH became liable for payment of the legal fees owed by the debtor to the plaintiff. HFAH contends that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because: "The Joint Plan, now null and void, provides no basis for liability on the part of HFAH Asylum for payment of the Debtor's attorney fee obligations to [the plaintiff]." (Motion at 12.) In the objection, the plaintiff requests the court, as a court of equity, to find that HFAH, having triggered the annulment of the plan by its own failure to perform, be estopped from benefitting therefrom.

The Second Circuit Court of Appeals has stated:

> It is well settled that bankruptcy courts are courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the

4

reorganization process. Section 105(a) of the Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

In re Momentum Mfg. Corp., 25 F.3d 1132, 1136 (2d Cir. 1994) (citations and quotation marks omitted). "The bankruptcy court. . . .applies the principles and rules of equity jurisprudence, including principles of estoppel. . . . One species of equitable estoppel is promissory estoppel, which may . . . . allow[ ] enforcement of [a] promise even in the absence of an enforceable contract." In re Ionosphere Clubs, Inc., 85 F.3d 992, 999 - 1000 (2d Cir. 1996) (citations and quotation marks omitted). Connecticut law recognizes claims based upon the principles of promissory estoppel:

> [U]nder the doctrine of promissory estoppel a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. A fundamental element of promissory estoppel, therefore, is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance.

Stewart v. Cendant Mobility Services Corp., 267 Conn. 96, 104 (2003) (Citations and quotation marks omitted). Equitable "principles are especially pertinent in bankruptcy proceedings, where the ability to achieve finality is essential to the fashioning of effective remedies." In re Chateaugay Corp., 988 F.2d 322, 325 (2d Cir. 1993).

Because the plaintiff may, despite revocation of the plan, be able, at trial, to adduce facts sufficient to support the its claim against HFAH under the principles of promissory estoppel, the court denies the motion's request to dismiss the complaint. Further, such claim is, by its equitable nature, fact-sensitive, and the court cannot conclude, based solely on the undisputed facts presented, that HFAH is entitled to judgment as a matter of law. Thus, the motion's request for summary judgment is also

denied.

### V.

### CONCLUSION

Having concluded, in accordance with the forgoing discussion, that the objection be sustained and the motion denied, the court need not reach the remaining issues set forth in the objection. The motion is denied and the Clerk's office is requested to reschedule the final pretrial conference. It is

SO ORDERED.

Dated at Hartford, Connecticut this 7th day of January, 2008.

_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE